```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LORENZO RASHAD JOHNSON

v.                                  Case No. 8:20-cr-57-VMC-AEP
                                            8:25-cv-2145-VMC-AEP

UNITED STATES OF AMERICA

_____/

**ORDER**

This matter is before the Court on Lorenzo Rashad Johnson's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 119). The United States of America responded on September 15, 2025. (Civ. Doc. # 6). Mr. Johnson failed to file a reply. Also pending before the Court is Mr. Johnson's pro se Motion for Reconsideration. (Civ. Doc. # 3). For the reasons that follow, the Section 2255 Motion is dismissed as untimely, and the Motion for Reconsideration is denied without prejudice.

**I.   Background**

In March 2021, pursuant to a plea agreement, Mr. Johnson pled guilty to being a felon in possession of a firearm and ammunition. (Crim. Doc. ## 70, 72, 75). The plea agreement advised:

> It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.

(Doc. # 70 at 16). Mr. Johnson acknowledged in the plea agreement that he was "entering into this agreement and [was] pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind." (Id. at 18). The plea agreement "constitute[d] the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea." (Id. at 22).

The Court sentenced him to 70 months' imprisonment, which was a one-level downward variance from the applicable guidelines range of 77-96 months. (Crim. Doc. ## 99, 100). His judgment of conviction was entered on October 8, 2021.

(Crim. Doc. # 100). The judgment did not specify whether the federal sentence should be served concurrently or consecutively with the sentence that had not yet been imposed in Mr. Johnson's then-pending state court case. Perhaps because of the appellate waiver in the plea agreement, Mr. Johnson did not appeal.

Subsequently, in January 2022, Mr. Johnson was sentenced in state court on unrelated state charges, including fleeing or eluding, sale of cocaine, and possession of cocaine. (Crim. Doc. # 114 at 5-8; Crim. Doc. # 88 at 19-21). The state court ordered that his state sentence be served concurrently with his federal sentence. (Crim. Doc. # 114 at 7). His plea in state court specified that Mr. Johnson would receive credit on his state sentence for all "time incarcerated in a county facility before the imposition of the sentence." (Id. at 6).

As he was in state custody, Mr. Johnson served his state sentence first. Once released from state custody, he was transferred to federal custody to serve his federal sentence in September 2024. (Civ. Doc. # 5 at 2). Because this Court did not pronounce whether the federal sentence should be served concurrently or consecutively with the state sentence, the Bureau of Prisons (BOP) treated the sentences as consecutive. See 18 U.S.C. § 3584(a) ("Multiple terms of

3

imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); United States v. Allen, 124 F. App'x 719, 720 (3d Cir. 2005) ("While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP.").

Mr. Johnson then filed the instant Section 2255 motion on August 5, 2025. (Civ. Doc. # 1; Crim. Doc. # 119). The United States of America responded, arguing the Motion is untimely and alternatively fails on the merits. (Civ. Doc. # 6). Mr. Johnson failed to reply. He also filed a Motion for Reconsideration, seeking reconsideration of an unspecified order. (Civ. Doc. # 3). The Motions are ripe for review.

## II. Discussion

### A. Motion for Reconsideration

As a preliminary matter, Mr. Johnson filed an odd Motion for Reconsideration in this Section 2255 case on August 25, 2025. (Civ. Doc. # 3). It is unclear to the Court for what order Mr. Johnson seeks reconsideration because no substantive order was entered in this Section 2255 case at the time Mr. Johnson sought reconsideration. The Motion asks that Mr. Johnson "be credited 854 days of time he served in

4

predetention . . . to his now federal case number he's currently serving." (Id. at 2).

To the extent the Motion is seeking reconsideration of an order entered by this Court in the criminal case, the Motion is incorrectly filed in this Section 2255 case. For that reason, the Motion is denied without prejudice.

Alternatively, the Court notes that Mr. Johnson states at the beginning of the Motion that the Motion is brought in part under 28 U.S.C. § 2241. Thus, if the Motion was correctly filed in the criminal case, the Court would construe this Motion as a Section 2241 motion. Indeed, a Section 2241 motion, rather than a Section 2255 motion, is the proper avenue for Mr. Johnson to seek relief on his claim that the BOP has miscalculated the county jail credits he should receive. See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."); Allen, 124 F. App'x at 721 ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated.").

Section 2241 motions, however, must be filed in the district court in the district in which the defendant is confined. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated. Fernandez is confined at FMC-Rochester in Minnesota. Consequently, even if we were to construe Fernandez's claim as a section 2241 motion, the district court for the Southern District of Florida would not have jurisdiction.").

Here, Mr. Johnson is housed in the El Reno Federal Correctional Institution, which is in Oklahoma. Therefore, Mr. Johnson may only file a Section 2241 Motion in the Western District of Oklahoma. To the extent the Motion would be construed as a Section 2241 Motion, it would be due to be dismissed because this Court would lack jurisdiction over the Motion.

    **B.**    **Section 2255 Motion**

        **1.**    **Timeliness**

First, the United States argues that Mr. Johnson's Section 2255 Motion should be dismissed as untimely. (Civ. Doc. # 6 at 5). The Court agrees.

"The [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia*, 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

Judgment was entered in this case on October 8, 2021. (Crim. Doc. # 100). Under Federal Rule of Appellate Procedure 5(b)(1)(A), Mr. Johnson had fourteen days — until October 22, 2021 — to file a notice of appeal. Fed. R. App. P. 5(b)(1)(A). But Mr. Johnson did not file a notice of appeal. Thus, Mr. Johnson's judgment of conviction became final on October 22, 2021. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on October 23, 2022. Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023). The date Mr. Johnson filed his Section 2255 Motion, August 5, 2025, is over two and a half years after the October 23, 2022, deadline.

Furthermore, the Court determines that the one-year statute of limitations did not begin to run under Section

7

2255(f)(4) when Mr. Johnson was transferred to federal custody after serving his state sentence. See 28 U.S.C. § 2255(f)(4) (stating that the limitation period shall run from the latest of multiple dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). Mr. Johnson knew at the time his judgment became final that his plea agreement and judgment in the federal case did not discuss the calculation of jail credits such that, with the exercise of due diligence, he would have discovered his counsel's alleged ineffectiveness at that time. Thus, the Motion is untimely.

Finally, Mr. Johnson has not established entitlement to equitable tolling. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation and internal quotation marks omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones v. United States, 304 F.3d 1035,

8

1040 (11th Cir. 2002) (citation omitted) (emphasis original). Mr. Johnson cannot meet that burden.

He argues that his delay in filing his Section 2255 Motion was caused by his misunderstanding over whether his federal sentence was concurrent with his later-imposed state sentence. (Civ. Doc. # 1 at 12). According to Mr. Johnson, he did not learn that his federal sentence was not running concurrently with his later-imposed state sentence until he was transferred from state custody into federal custody in September 2024. (Id.). "Since arriving to federal custody, it was brought to [his] attention by [his] case manager that [he] did not receive credit for time spent in federal hold overs" and he complains he was unable "to have access to [his] legal document while in state or federal custody." (Id.).

This is not an exceptional circumstance that warrants equitable tolling. Courts in the Eleventh Circuit "have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013). "As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Id. (citation omitted). Thus, Mr. Johnson's confusion over whether his federal sentence was concurrent with his state

9

sentence and over how the jail credits would be calculated for his federal sentence does not justify equitable tolling. Nor does his vague claim that he did not have access to an unspecified "legal document" support equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."), aff'd, 545 U.S. 353 (2005).

In short, Mr. Johnson's Motion is untimely, and the Motion is dismissed.

### 2. **Merits**

Alternatively, even if the Motion were timely, the Court would deny it on the merits. Mr. Johnson bears the burden of proving that he is entitled to relief under Section 2255. Rivers v. United States, 777 F.3d 1304, 1316 (11th Cir. 2015).

Mr. Johnson raises two grounds in his Section 2255 Motion. (Civ. Doc. # 1). In his first ground, he raises a claim of ineffective assistance of his counsel, Mr. Howard Anderson. His argument in its entirety is this:

> Counsel was ineffective in [not] bringing up matters orally in court pertaining to time credit negotiations between prosecution and I. Also, defense counsel failed to insert time credit clause into plea agreement as he promised he would. I have

>    731 days of 854 days that should be credited to me [while sitting] in Pinellas County Jail.

(Id. at 5). Thus, the Court construes this ground as complaining only about credits for jail time he served before his federal sentence was imposed, rather than the time he served in state custody after his state sentence was imposed.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Johnson must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Mr. Johnson must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise

11

of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Johnson must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component." Ortiz v. United States, No 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

Here, Mr. Johnson's first ground fails because there is no prejudice. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General," through the BOP, "not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010); see United States v. Wilson, 503 U.S. 329, 331 (1992) ("The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders."). Indeed, the Supreme Court has held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." Wilson, 503 U.S. at 334.

Thus, section 3585(b) requires that a defendant be given credit for time served in jail pre-sentencing and vests the authority to make that calculation with the BOP — not this Court at sentencing. Given this, there was no reason for Mr. Johnson's counsel to put on the record at sentencing that Mr. Johnson is entitled to credit for his time served in jail. Nor would a provision in the plea agreement that Mr. Johnson is entitled to jail credit be needed. The statute applies regardless such that there is no prejudice from counsel's not mentioning this statute during sentencing or in the plea agreement.

Mr. Johnson also was not prejudiced by his counsel's failure to put on the record the specific number of days Mr.

13

Johnson believed he should be credited or to ask the Court to calculate the credits that should be given to Mr. Johnson. Because the BOP is the entity tasked with calculating credits, this Court would not have agreed to calculate the amount of jail credit for Mr. Johnson even if Mr. Johnson's counsel asked during sentencing. See Wilson, 503 U.S. at 334 (holding that "§ 3585(b) does not authorize a district court to compute the credit at sentencing"); Nyhuis, 211 F.3d at 1345 ("The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" (citation omitted)).

For these reasons, the Motion would be due to be denied as to the first ground.

In his second ground, Mr. Johnson conclusorily states: "My guilty plea was entered because the agreement was petitioner will be getting all jail credit and nothing was said on record." (Civ. Doc. # 1 at 6). Mr. Johnson does not specify what type of claim this is, but he does assert that he did not raise this argument on direct appeal because of "ineffective assistance of counsel." (Id. at 7). This second ground appears to be a claim that Mr. Johnson's guilty plea was not voluntary, but it also could potentially be construed as an ineffective assistance of counsel claim.

However the claim is construed, it lacks merit. On its face, this claim is insufficiently pled. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate entitlement to habeas relief); Brown v. United States, No. CR 19-00019-JB-B, 2022 WL 3643653, at *5 (S.D. Ala. June 24, 2022) ("Brown's claim of an illegal sentence is subject to summary denial because it rests entirely on unsupported generalizations and is contradicted by the record."), report and recommendation adopted, No. CR 19-00019-JB-B, 2022 WL 3638175 (S.D. Ala. Aug. 23, 2022).

Mr. Johnson does not allege that his guilty plea was involuntary. He does not allege that, had he known that he would not receive the entire amount of pre-sentencing jail time to which he believed he is entitled as credit against his federal sentence, he would not have pled guilty in the federal case. Mr. Johnson signed his plea agreement, and the Court accepted Mr. Johnson's guilty plea after a plea colloquy. (Crim. Doc. ## 70, 72, 75). There is no mention in the plea agreement that the Court would order that Mr. Johnson's federal sentence be served concurrently with his not-yet-imposed state sentence. (Crim. Doc. # 70). Nor is there mention of the amount of jail credits Mr. Johnson would

receive. (Id.). Rather, the plea agreement stated that Mr. Johnson was entering the agreement voluntarily and not based on a "promise of benefit of any kind (other than the concessions contained herein)" or "threats, force, intimidation, or coercion of any kind." (Id. at 18). The plea agreement also made clear that "the sentence will be determined solely by the Court." (Id. at 16).

Thus, Mr. Johnson's unsworn statement, suggesting he believed the plea agreement required that he receive the amount of jail credit he anticipated, is insufficient to prove his guilty plea was involuntary. Nor does Mr. Johnson's alleged confusion over the amount of jail credit he would receive establish that his counsel's assistance was ineffective or prejudicial. See Pio v. United States, No. 13-23666-CIV, 2014 WL 4384314, at *3 (S.D. Fla. Sept. 3, 2014) ("Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim.").

For these reasons, the Motion would also be due to be denied as to the second ground.

### III. **Evidentiary Hearing**

As the Court readily determined that Mr. Johnson's Section 2255 Motion was untimely and alternatively lacks merit, no evidentiary hearing is required. See 28 U.S.C. §

16

2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

### IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Johnson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Johnson to proceed on appeal in forma pauperis as to either the Section 2255 Motion or the construed Section 2241 Motion because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Johnson shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Lorenzo Rashad Johnson's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 119) is **DISMISSED** as untimely.

(2) Lorenzo Rashad Johnson's pro se Motion for Reconsideration (Civ. Doc. # 3) is **DENIED** without prejudice. To the extent Mr. Johnson wishes to pursue relief under Section 2241, he should file such motion with the federal court in the district in which he is housed.

(3) The Clerk is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of January, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE